IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TYRONE D. LASHORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-156 |
| | ) | |
| DAVE CHANEY, Medical Doctor, Telfair State Prison, | ) | |
| | ) | |
| Defendant. | ) | |

_ _ _ _ _ _

| | | |
|---|---|---|
| TYRONE DELDRICK LASHORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-161 |
| | ) | |
| DAVE CHANEY, Doctor, and WILLIAM DANFORTH, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On December 18, 2014, Tyrone Deldrick Lashore, an inmate at Telfair State Prison, submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Lashore v. Chaney, 3:14-CV-156, doc. no. 1 (S.D. Ga. Dec. 18, 2014). The Court granted Plaintiff's request to proceed *in forma pauperis* and directed him to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days. Id., doc. no. 3. Four days later, on December 22, 2014, Plaintiff submitted to the Court for filing another complaint

brought pursuant to § 1983. Lashore v. Chaney, 3:14-CV-161, doc. no. 1 (S.D. Ga. Dec. 22, 2014). However, it appeared from the face of each filing that Plaintiff had merely filed two copies of a single complaint brought pursuant to 42 U.S.C. § 1983 because each copy contained the same relief sought, statement of facts, and has a signature date of the same day. Compare Lashore v. Chaney, 3:14-CV-156, doc. no. 1, pp. 5-6 with Lashore v. Chaney, 3:14-CV-161, doc. no. 1, pp. 5-6.

On January 6, 2015, the Court ordered Plaintiff to notify the Court within ten days whether he intended to file two separate cases. See Lashore v. Chaney, 3:14-CV-156, doc. no. 4 and Lashore v. Chaney, 3:14-CV-161, doc. no. 3. The Court warned Plaintiff that if he did not respond to the January 6th Order, (1) the Court would presume Plaintiff intended to have only one case opened, (2) case number 3:14-CV-156 would proceed in the normal course of business with Defendant Chaney as the sole Defendant, and (3) case number 3:14-CV-161 would be dismissed. See Lashore v. Chaney, 3:14-CV-156, doc. no. 4, pp. 2-3 and Lashore v. Chaney, 3:14-CV-161, doc. no. 3, pp. 2-3.

Plaintiff did not respond to the Court's order with a filing designated for Lashore v. Chaney, 3:14-CV-161, but he did return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms in Lashore v. Chaney, 3:14-CV-156. Accordingly, Plaintiff has expressed his desire to voluntarily dismiss Lashore v. Chaney, 3:14-CV-161. As no defendant has filed an answer or a motion for summary judgment, according to Fed. R. Civ. P. 41(a)(1)(i), Plaintiff may dismiss his case without an Order from the Court. Therefore, the Court **DIRECTS** the Clerk to **DISMISS** Lashore v. Chaney, 3:14-CV-161 without prejudice and terminate all

pending motions.  Additionally, Lashore v. Chaney, 3:14-CV-156 will proceed in the normal course of business with Dr. Chaney as the sole Defendant.

SO ORDERED this 21st day of January, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA