IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TYRONE D. LASHORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-156 |
| | ) | |
| DAVE CHANEY, Medical Doctor, | ) | |
| Telfair State Prison, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE AMENDED COMPLAINT**

    **A.   BACKGROUND**

Plaintiff names Dave Chaney, a doctor at TSP, as the sole Defendant in his amended complaint. (Doc. no. 15, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff began suffering from severe stomach pain in 2008. (Id. at 5.) Since that time, he

has had eight major surgeries on his throat. (Id.) However, he continues to have undiagnosed problems with his stomach. (Id.) He was scheduled to have an unknown procedure on an unknown date, but Plaintiff refused to have the procedure because he preferred to take his General Educational Development ("G.E.D.") test instead. (Id.) Defendant Chaney now refuses to acknowledge any medical request Plaintiff submits. (Id.) Likewise, Mrs. Hutch, the sick call nurse, and Mrs. Murray, a physician assistant, also ignore Plaintiff's medical requests due to "the conflict of interest between [Plaintiff] and Dr. Chaney." (Id.) Plaintiff is in pain "day and night" and he surmises he might have an ulcer, stomach cancer, or intestinal cancer. (Id.)

Plaintiff attached several medical request forms and the warden's response to a grievance complaining about his medical care to his first "Motion of Statement of Facts," signed by Plaintiff on January 26, 2015 and filed by the Clerk of Court on January 29, 2015, which this Court construed as a motion to amend his complaint. (Doc. nos. 9, 10.) Although Plaintiff claims he has not received treatment since he arrived at TSP in 2010, these medical request forms show that Plaintiff has been receiving treatment for his stomach pain, including being seen by medical personnel in December 2014 and twice in January 2015. (Doc. no. 15, p. 5; doc. no. 9, pp. 3-6.) Medical personnel also responded to his medical request on January 20, 2015 with the following statement, "You don't want to be tested for anything. You refuse everything we need to do. You are to be seen tomorrow." (Doc. no. 9, p. 3.) Additionally, the grievance response indicates that he was evaluated by medical several times in 2013 and 2014 and he has refused treatment on multiple occasions. (Id. at 7.) Plaintiff requests compensatory damages. (Id. at 6.)

2

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"

3

Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Chaney Concerning His Failure to Treat Plaintiff's Stomach Pain.

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

4

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Here, Plaintiff cannot satisfy either the objective or the subjective element of deliberate indifference. First, he does not sufficiently allege a serious medical need. Plaintiff alleges that he has stomach pain, but does not point to any specific illness or diagnosis. Second, Plaintiff cannot demonstrate that Defendant Chaney disregarded a risk of serious harm by following a

course of action that constituted more than gross negligence. Plaintiff alleges that Defendant Chaney refuses to acknowledge any medical request Plaintiff sends about his stomach pain. However, Plaintiff has submitted several medical requests showing that medical personnel, including Defendant Chaney, are responding to his requests and he is consistently receiving treatment for his stomach pain. (Doc. no. 9, pp. 3-7.) However, Plaintiff refuses treatment. (Id.) At best, Plaintiff's allegations and exhibits demonstrate that he disagrees with the treatment given for his stomach pain. (Id.) Mere disagreement with treatment is insufficient to state a deliberate indifference claim. See Smith, 375 F. App'x at 910; Goebert, 510 F.3d at 1326. As a result, Plaintiff's allegations do not state a cognizable § 1983 claim.

## II. PLAINTIFF'S SECOND MOTION OF STATEMENT OF FACTS AND MOTION FOR APPEARANCE

Plaintiff has filed a second motion for statement of facts, in which he (1) repeats the allegations of his amended complaint, (2) requests that Defendant Chaney be served with a copy of the amended complaint, and (3) demands that Defendant Chaney answer within thirty days of service or the Court enter judgment in Plaintiff's favor. (See doc. no. 19.) Plaintiff has also filed a motion for appearance, in which he requests that he and Defendant Chaney appear before the court either verbally or "by mail" so that Plaintiff can "make a verbal reprimand before the Court." (Doc. no. 18.) In essence, these motions request that this case proceed. However, because this Court has screened the complaint, found that Plaintiff's amended complaint fails to state a claim upon which relief may be granted, and is recommending dismissal of this case, the Court recommends that Plaintiff's motions be **DENIED AS MOOT**. (Doc. nos. 18, 19.)

6

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, Plaintiff's motion for appearance be **DENIED AS MOOT**, (doc. no. 18), Plaintiff's motion of statement of facts be **DENIED AS MOOT** (doc. no. 19), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of May, 2015, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA